UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMELL M. COOPER,

    Plaintiff,

v.                                          Case No. 4:24-cv-138-MW/MJF

JANE DOE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's complaint, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") and his inmate number is "T71812." Doc. 1 at 1. Plaintiff commenced this civil rights action against a single Jane Doe Defendant

employed by the FDC.[1] *Id.* at 1. Plaintiff asserts that this FDC employee violated the Eighth Amendment when the employee failed to conduct a risk assessment for Plaintiff before housing Plaintiff in the protection management unit at Wakulla Correctional Institution. *Id.* at 6–9.

## II. DISCUSSION

### A. Screening of Plaintiff's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of

---

[1] Generally, "fictious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). There is a limited exception to this rule, however. "When the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage'" the plaintiff has sufficiently identified the John Doe Defendant. *Id.*; *see Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020) ("[O]ur precent has never permitted John Doe pleading solely on the ground that discovery might reveal an unnamed defendant's identity. Instead our precedent has always required an unambiguous description of a defendant that enables service of process."); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992). This exception does not apply here. Plaintiff does not allege whether a single employee or multiple employees performed the risk assessment. Plaintiff also does not provide a specific date that he was placed in protective management, and consequently, fails to allege when this Doe defendant was working and when the Doe defendant would have or should have completed the risk assessment for Plaintiff. As such, Plaintiff's allegations do not sufficiently distinguish this Doe defendant from any number of officers employed by the Florida Department of Correction. This alone is a sufficient independent basis to dismiss Plaintiff's complaint without prejudice.

prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to dismiss a prisoner complaint if the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see* 28 U.S.C. § 1915(e)(2)(B)(i) ("the court shall dismiss the case at any time if the court determines" the action is "malicious").

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021). This is true "regardless of whether the Plaintiff's response to the question was knowing or intentional." *Ballard v. Broling*, No. 22-12651, 2023 WL 6799147 at *1 (11th Cir. Oct. 16, 2023).

B.   <u>Plaintiff's Disclosures</u>

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation. Doc. 1 at 10–14. The complaint form expressly warns "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***" *Id.* at 10.

The complaint form asks three questions:

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case?

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 11–12. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose <u>all</u> responsive cases. *Id.* at 10–12.

In response to Question B, Plaintiff responded "No." In response to Questions A and C, Plaintiff responded, "Yes." Plaintiff disclosed five federal cases. *Id.* At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 12–13. Thus, at the time he signed and submitted his complaint, Plaintiff asserted under the penalty of perjury that he had only filed five cases.

## C. <u>Plaintiff's Omissions</u>

The undersigned takes judicial notice that when Plaintiff filed his original complaint, Plaintiff failed to disclose the following two petitions for writ of habeas corpus:

- *Cooper v. Sec'y, Dep't Corr.*, No. 8:18-cv-1406-CEH-AEP (M.D. Fla. June 11, 2018); and

- *Cooper v. Sec'y, Dep't Corr.*, No. 8:19-cv-1324 (M.D. Fla. May 31, 2019).

These cases are attributable to Plaintiff because they bear his inmate number "T71812."

Furthermore, these cases were responsive to Question C on the complaint form. Because he failed to disclose these cases in his complaint,

Plaintiff violated his duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

D.   <u>**The Materiality of Plaintiff's Omissions**</u>

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed

*pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed a substantial number of cases. When courts cannot rely

on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. He knew from reading the complaint form that he was required to disclose *all prior* cases, including those that challenged his conviction. Doc. 1 at 10, 12. He also was aware that the penalty for failing to disclose his prior litigation history was dismissal. Indeed, the complaint form expressly warns prisoners: "**Failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.**" *Id.* at 10.

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions). Thus, Plaintiff was aware he had to disclose

all of his prior cases, including these two petitions for writ of habeas corpus.

To the extent he could not remember fully his litigation history this strains credulity, Plaintiff was aware that he should maintain in his property a list of all prior cases. At the commencement of a lawsuit, the clerk of the court sends a notice to *pro se* litigants advising litigants to keep a copy of all filings in their respective cases. Doc. 3. These claims were filed in June 2018 and May 2019. Furthermore, the most recent activity occurred on September 22, 2022, when the Eleventh Circuit denied without prejudice Plaintiff's application to file a success habeas petition. ECF No. 18, *Cooper v. Sec'y, Dep't Corr.*, No. 8:19-cv-1324 (M.D. Fla. Sept. 24, 2022). Thus, it is unlikely that Plaintiff had no recollection of filing these petitions for writs of habeas corpus.

Furthermore, even if he could not remember his full litigation history, Plaintiff was aware that he could have indicated that on the complaint form. Doc. 1 at 10 ("***You should err on the side of caution if you are uncertain whether a case should be identified.***"). He did not. Rather, he affirmatively misrepresented that he had only filed the five cases. *See* Doc. 1 at 11–14.

In short, there is simply no justification for Plaintiff's failure to disclose these cases. Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E. The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. Plaintiff asserts he was housed in protection management between the months of March and April 2021. He asserts that—because the Jane Doe failed to conduct a risk assessment—he was assaulted while in protection management at

some point between March and April 2021. Because the actions complained of in the complaint occurred sometime between March and April 2021, Florida's four-year statute of limitations likely would not preclude Plaintiff from refiling this action in the near future. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010).

Furthermore, no lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (holding that district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam)

(noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 26th day of March, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and**

**recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**